IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STON YATES, NHAN VAN HOANG and TERRENCE THAO TRUONG, as Trustee<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BLOOMINGDALE, a Georgia municipal corporation, DENNIS G. BAXTER, GLENDA KEY, RODNEY C. WEST, JIMMY KERBY, TERRY W. JONES, DAVID OTAKIE, CHARLES AKRIDGE and DENISE KERBY,<br><br>Defendants. | Civil Action No.: 4:21-cv-141 |

## COMPLAINT

NOW COME the Plaintiffs, STON YATES, NHAN VAN HOANG and TERRENCE THAO TRUONG, as Trustee, pursuant to 42 U.S.C. § 1983, and hereby file this Complaint against the Defendants, as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of their constitutional rights by the City of Bloomingdale, a municipal corporation, its mayor, Dennis G. Baxter, and city council members Glenda Key, Rodney C. West, Jimmy Kerby, Terry W. Jones, David Otakie, Charles Akridge and Denise Kerby, state officials acting under color of state law. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), which provides jurisdiction over civil actions to redress deprivations, under

1

color of state law, of rights secured by the Constitution of the United States.

2. Venue is proper in the United States District Court for the Southern District of Georgia, Savannah Division pursuant to 28 U.S.C. § 1391.

## PARTIES

3. The Plaintiff, STON YATES, is an individual who resides in Savannah, Georgia.

4. The Plaintiff, NHAN VAN HOANG, is an individual who resides in Pooler, Georgia.

5. The Plaintiff, TERRENCE THAO TRUONG, is an individual who resides in Edmond, Oklahoma.

6. Plaintiffs are a judicially-recognized "class of one" entitled to the protections guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. See, Village Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

7. The Defendant, CITY OF BLOOMINGDALE, is a municipal corporation situated within Chatham County, Georgia, (hereinafter, the "City").

8. The Defendant DENNIS G. BAXTER is the duly-elected Mayor of the City of Bloomingdale and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

9. The Defendant GLENDA KEY is a duly-elected member of the Bloomingdale City Council and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in her official and individual capacity.

10. The Defendant RODNEY C. WEST is a duly-elected member of the Bloomingdale City Council and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

11. The Defendant JIMMY KERBY is a duly-elected member of the Bloomingdale City Council

and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

12. The Defendant TERRY W. JONES is a duly-elected member of the Bloomingdale City Council and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

13. The Defendant DAVID OTAKIE is a duly-elected member of the Bloomingdale City Council and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

14. The Defendant CHARLES AKRIDGE is the City Administrator of the City of Bloomingdale and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in his official and individual capacity.

15. The Defendant DENISE KERBY is the Zoning Administrator of the City of Bloomingdale and, at all times relevant hereto, acted in concert with the other defendants under color of state law, and is being sued in her official and individual capacity.

## BACKGROUND

### Bloomingdale Zoning Ordinance

16. The City has enacted a Unified Development Code (the "UDC") on July 18, 2019. A true and correct copy of the UDC is attached hereto as Exhibit "Z."

17. The UDC establishes zoning classification for all real property located within the city limits of the City.

18. Section 52-404 of the UDC establishes a procedure by which a property owner may apply to rezone property and to amend the zoning ordinance.

19. In 2020, through the actions which are described hereinbelow, the City of Bloomingdale

established a *de facto* practice of allowing property owners within the city limits of Bloomingdale to rezone their property by making what the City calls a "donation," but which is more accurately characterized as paying an exaction, to the City for recreational purposes.

### Waller / Ottowa Farms Application

20. On March 5, 2020, the City approved a rezoning application submitted by Pete Waller to rezone approximately 590 acres known as "Ottawa Farms" from RA-1 to PUD/PID for the development of industrial warehouses, a use substantially similar to the Plaintiffs' requested rezoning.

21. The Ottowa Farms Application was only approved after the City exacted a pledge from Steven McCraney and McCraney Property Company (collectively "McCraney"), an investor in the Ottowa Farms development, to donate $1,750,000.00 to the City for the construction of a new gym. This pledge was made publicly at the City Council Meeting on February 20, 2020, and in a letter to the City dated February 19, 2020, prior to the application's approval on March 5, 2020, and was a condition precedent the City's approval of the application. A true and correct copy of the McCraney Donation Letter is attached hereto as Exhibit "A."

22. McCraney's pledge was incorporated into two separate development agreements between McCraney and the City; the first dated April 2, 2020 (at §6) and the second dated September 28, 2021 (at §11). A true and correct copy of the Development Agreements are attached hereto as Exhibit "B" and "C," respectively.

23. This exaction violates the Georgia Development Impact Fee Act as codified at O.C.G.A. § 36-71-1, et seq., and specifically O.C.G.A. § 36-71-1(b)(4) and 36-71-3(a).

**FORAM / Horizon Application**

24. On September 17, 2020, the City approved a rezoning application from the FORAM Group, Inc. ("FORAM") seeking to rezone 605 acres in the City from RA-1 to PID for the development of industrial warehouses, a use substantially similar to the Plaintiffs' requested rezoning.

25. The FORAM application was only approved after the City exacted a pledge from Wrenn Blaylock and North Point Industrial, LLC, partners in the proposed development, to donate $750,000.00 to the City for recreational use. This pledge was made by an email to the City dated September 11, 2020. A true and correct copy of the Blaylock Donation Email is attached hereto as Exhibit "D."

26. FORAM Group and North Point Industrial formed a new company, Horizon Investment Partners, LLC ("Horizon"), to develop the land, and Blaylock's pledge was incorporated into Horizon's Development Agreement with the City. A true and correct copy of the Development Agreement is attached hereto as Exhibit "E."

27. This exaction violates the Georgia Development Impact Fee Act as codified at O.C.G.A. § 36-71-1, et seq., and specifically O.C.G.A. § 36-71-1(b)(4) and 36-71-3(a).

**Plaintiffs' Property**

28. Yates is the owner of certain real property located within the city limits of the City of Bloomingdale, in Chatham County, Georgia, being identified according to the official tax map of said County by PIN 81020 01005 (the "Yates Property"), and is more particularly described, as follows:

**PARCEL 1**

ALL that certain lot, tract or parcel of land situate, lying and being in the 8th G.M. District of Chatham County, Georgia and shown as Tract A-1 on that plat prepared

by Helmly & Associates, Inc. for Frank Adams, entitled "Plat of a Recombination of Tract A-1 and Tract A-2-2, of the J.W. Adams Tract, 8th G.M. District, Chatham County, Georgia," dated May 23, 1986 and recorded in Plat Record Book 8-P, Folio 55, Chatham County records, said plat being incorporated herein by reference. Said property contains 99.98 acres, more or less, and is bounded on the North by Tract A-2-3, Tract A-2-2-1, Tract A-2-2-2, the right-of-way of Adams Road, Tract A-2-1 and property now or formerly owned by Bryan M. Heath; on the East by properties now or formerly owned by Union Camp Corporation; on the South by the right-of-way of Pipermakers Canal, which is the Bloomingdale City Limits; and on the Southwest by property now or formerly owned by Eastside Mobile Home Estates Trust. Said property is the same property shown as Tract A-1, but not field verified, on that plat prepared by Wilder Surveying and Mapping for Ston Yates entitled "Plat of Recombination of the Southern Portion of Tracts A-1, A-4, A-5 and A-7 of the J.W. Adams Tract," dated September 7, 1988, recorded in Plat Book 10-P, Folio 28, Chatham County records, and being bounded on the East by and recombined with Parcel 2, described below.

## PARCEL 2

ALL that certain lot, tract or parcel of land situate, lying and being in the 8th G.M. District of Chatham County, Georgia and shown as the southern portions of Tract A-4, A-5 and A-7 of the J.W. Adams Tract, on that plat prepared by Wilder Surveying and Mapping for Ston Yates entitled "Plat of Recombination of the Southern Portion of Tracts A-1, A-4, A-5 and A-7 of the J.W. Adams Tract," dated September 7, 1988 and recorded in Plat Book 10-P, Folio 28, Chatham County Records. Said parcel contains approximately 94.23 acres and is bounded on the North by property now or formerly owned by Westside Memorial Gardens, Inc., Watson, Ferguson, and Terry; on the Northeast by Parcel 1 described above: on the South by the right-of-way Pipemakers Canal, which is the Bloomingdale City Limits; and on the West by property now or formerly owned by Merritt, the center of a canal being the property line.

29. Hoang, individually, and Truong, as Trustee, are the owners of certain real property located within the city limits of the City of Bloomingdale, in Chatham County, Georgia, being identified according to the official tax map of said county by PIN 81019 01039 (the "Hoang Property"), and is more particularly described, as follows:

> All that certain lot, tract or parcel of land situate, lying and being in the 8th GMD, County of Chatham, State of Georgia and being known and designated as Parcel Two (2), containing 38.72 acres, more or less, as shown on that certain map or plat of record in Plat Book 15-P, Page 32 in the Office of the Clerk of Superior Court of Chatham County, Georgia. Express reference is given to said

6

      map or plat for better determining the metes, bounds and dimensions of the property herein described and by said express reference is incorporated herein and made a part hereof for all purposes. This conveyance is subject, however, to all zoning ordinances, easements, restrictive covenants and rights of way of record affecting said property.

30. The Yates Property and the Hoang Property (collectively referred to as the "Property") are adjoining properties which share a common boundary line. The Property is generally bounded on the north by the Jimmy Deloach Parkway, on the east by the City of Pooler, on the south by Pipemaker's Canal and on the west by Towles Road.

31. The proposed development of the Property (the "Plaintiffs' development") is identical in all material respects to the developments proposed by Waller and FORAM and approved by the City.

## COUNT ONE

### Equal Protection Violation Related to the 2021 Zoning Applications

32. On or about May 21, 2021, Yates and Hoang simultaneously filed two separate applications (collectively, the "2021 Application") to rezone their properties pursuant to the applicable provisions and requirements of the Bloomindale Unified Development Code (the "UDC") enacted by the Bloomingdale City Council on July 18, 2019. A true and correct copy of the Application is attached hereto as Exhibits "F" and "G."

33. The 2021 Application sought to rezone the Property from the RA-1 "Agricultural" zoning classification to the I-1 "Intensive Industrial" zoning classification to develop the property as an industrial warehouse complex and included a conceptual site plan showing the properties would be developed as part of the same industrial warehouse development.

34. On or about January 19, 2023, the Defendants held a public hearing to consider the 2021

Application.

35. After a public hearing, Defendants Dennis G. Baxter, Glenda Key, Rodney C. West, Jimmy Kerby, Terry W. Jones and David Otakie, along with Ernest C. Grizzard, voted unanimously to deny the 2021 Application.[1]

36. Defendants issued a written decision denying the 2021 Application on January 20, 2023. A true and correct copy of the written decision is attached hereto as Exhibits "H" and "I"

37. The Plaintiffs' proposed development was identical to the Waller and FORAM developments in all material respects.

38. Despite the substantial similarity between the Plaintiffs' proposed development and the developments of Waller and FORAM, the Defendants did not offer the Plaintiffs the opportunity to make a donation to the City in order to have their rezoning applications approved, as the City had done for both Waller and FORAM.

39. The Defendants' failure to allow Plaintiffs to make a donation in order to obtain the zoning sought in the 2021 Application while allowing Waller and FORAM to do so is a violation of the Plaintiffs' right to equal protection under the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

40. As a direct and proximate result of the City's unlawful conduct, the Plaintiffs have suffered damages.

41. Yates is entitled to compensatory damages from the Defendants in the amount of $27,720,000.00, which represents the difference between the fair market value of the Property as zoned RA-1 and the fair market value if the City had approved the 2021

---

[1] Ernest C. Grizzard was a duly elected member of the Bloomingdale City Council who served from at least 2018 until his death on May 19, 2023.

Application and rezoned the property to I-1 as requested on the date the 2021 Application was denied.

42. Hoang & Truong are entitled to compensatory damages from the Defendants in the amount of $11,310,000.00, which represents the difference between the fair market value of the Property as zoned RA-1 and the fair market value if the City had approved the 2021 Application and rezoned the property to I-1 as requested on the date the 2021 Application was denied.

## COUNT II

### Equal Protection Violation Related to the 202 Zoning Application

43. On December 23, 2024, Plaintiffs filed a second rezoning application (the "2024 Application") to rezone their properties. A true and correct copy of the 2024 Zoning Application is attached hereto as Exhibit "J."

44. The 2024 Application sought to rezone the Property from R-A1 to PID (Planned Industrial Development) for use as an industrial warehouse complex and included a conceptual site plan showing the proposed development.

45. Simultaneously with the filing of the 2024 Application, Plaintiffs filed an application for a text amendment (the "2024 Text Amendment"), seeking to amend the City's zoning ordinance to include the Plaintiffs' proposed PID. A true and correct copy of the 2024 Text Amendment is attached hereto as Exhibit "K."

46. The Plaintiffs' proposed development was identical to the Waller and FORAM developments in all material respects.

47. On or about February 4, 2025, Plaintiffs' counsel sent a letter to Charles Akridge, the City Administrator for the City, and Denise Kerby, the Zoning Administrator for the City, offering

to make a donation to the City's gymnasium fund as part of a development agreement with the City. A true and correct copy of said letter is attached hereto as Exhibit "L."

48. Section 52-404(E) of the City's UDC requires the City's Zoning Administrator to notify the Plaintiffs of the City's receipt of the 2024 Application and the scheduled review process for that application within 30 days of the City's receipt of the application.

49. The City has failed to notify the Plaintiffs of both the City's receipt of the 2024 Application and the scheduled review process for the application in the time required by law.

50. Defendants' failure to schedule a review process for Plaintiffs' 2024 Application constitutes a refusal of the Plaintiffs' offer to donate to the City's gymnasium fund in return for approval of the 2024 Application.

51. Defendants refusal to accept the Plaintiffs' offer to donate to the City's gymnasium fund in return for approval of the 2025 Application while allowing Waller and FORAM to do so is a violation of the Plaintiffs' right to equal protection under the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

52. On February 10, 2025, Raymond Dickey, Bloomingdale's City Attorney, on behalf of the Defendants, contacted the Plaintiffs' counsel to notify the Plaintiffs that the Defendants would not move forward on the Plaintiffs' 2024 Application or the 2024 Text Amendment, claiming "state law" prevented the Defendants from hearing the rezoning request.

53. Defendants' reliance on "state law" as a pretext to refuse to take action on the 2024 Application was not based on any good-faith reliance on state statute, case law, or the City's own UDC.

54. Defendants' refusal to consider the 2024 Application and Plaintiffs' offer to donate to the City's gymnasium fund in order to obtain the zoning sought in the 2024 Application while

allowing Waller and FORAM to do so is a violation of the Plaintiffs' right to equal protection under the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

55. As a direct and proximate result of the Defendants unlawful conduct, the Plaintiffs have suffered damages, and are entitled to compensatory damages from the Defendants in the amount equal to the difference between the fair market value of the Property as currently zoned and the fair market value of the Property if the City had approved the 2024 Application.

## COUNT III

### Equal Protection Violation Related to the 2025 Zoning Application

56. On or about April 1, 2025, Plaintiffs filed a third rezoning application (the "2025 Application") to rezone their properties. A true and correct copy of the 2025 Zoning Application is attached hereto as Exhibit "M."

57. The 2025 Application sought to rezone the Property, along with other adjoining tracts of land, from R-A1 to PID (Planned Industrial Development) for use as an industrial warehouse complex and included a conceptual site plan showing the proposed development.

58. Simultaneously with the filing of the 2025 Application, Plaintiffs filed an application for a text amendment (the "2025 Text Amendment"), seeking to amend the City's zoning ordinance to include the Plaintiffs' proposed PID. A true and correct copy of the 2025 Text Amendment is attached hereto as Exhibit "N."

59. The Plaintiffs' proposed development was identical to the Waller and FORAM developments in all material respects.

60. On or about April 1, 2025, Plaintiffs' counsel sent a letter to Charles Akridge, the City

    Administrator for the City, and Denise Kerby, the Zoning Administrator for the City, offering to make a donation to the City's gymnasium fund as part of a development agreement with the City. A true and correct copy of said letter is attached hereto as Exhibit "O."

61. On April 16, 2025, Raymond Dickey, Bloomingdale's City Attorney, on behalf of the Defendants, emailed the Plaintiffs' counsel to notify the Plaintiffs that the City would not move forward on the Plaintiffs' 2025 Application or the 2025 Text Amendment until the Georgia Department of Community Affairs completed its review of the proposed development as a Development of Regional Impact ("DRI"). A true and correct copy of said letter is attached hereto as Exhibit "P."

62. On April 22, 2025, Plaintiffs' counsel responded to the City, notifying the City of its obligation to submit the application for DRI review as the "host local government". A true and correct copy of said letter is attached hereto as Exhibit "Q."

63. Rule110-12-3-.01(2)(a) of the Rules of the Georgia Department of Community Affairs requires the City to submit the Plaintiffs' proposed project to the Regional Commission for the Coastal Georgia District. A true and correct copy of Chapter 110-12-3 of the Rules of Georgia Department of Community Affairs is attached hereto as Exhibit "R."

64. Upon information and belief, the City has not submitted the Plaintiffs' proposed project, as described in the 2025 Application, to the Regional Commission, as required by law.

65. Section 52-404(E) of the City's UDC requires the City's Zoning Administrator to notify the Plaintiffs of the City's receipt of the 2025 Application and the scheduled review process for that application within 30 days of the City's receipt of the application.

66. The City has failed to notify the Plaintiffs of both the City's receipt of the 2025 Application and the scheduled review process for the application in the time required by law.

67. Defendants' failure to submit the Plaintiffs' Project for DRI review and to schedule a review process for Plaintiffs' 2025 Application constitutes a refusal of the Plaintiffs' offer to donate to the City's gymnasium fund in return for approval of the 2025 Application.

68. Defendants refusal to accept the Plaintiffs' offer to donate to the City's gymnasium fund in return for approval of the 2025 Application while allowing Waller and FORAM to do so is a violation of the Plaintiffs' right to equal protection under the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

69. As a direct and proximate result of the City's unlawful conduct, the Plaintiffs have suffered damages, and are entitled to compensatory damages from the City in the amount equal to the difference between the fair market value of the Property as currently zoned and the fair market value of the Property if the City had approved the 2025 Application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

(a) As to COUNT I, a judgment for compensatory damages against all parties as follows:

   1. As to Yates, $27,720,000.00, the difference between the fair market value of the Property as zoned R-A1 and the value if the City had approved the 2021 Application on January 19, 2023; and

   2. As to Hoang & Truong in the amount of $11,310,000.00, the difference between the fair market value of the Property as zoned R-A1 and the value if the City had approved the 2021 Application on January 19, 2023.

(b) As to COUNT II, a judgment for compensatory damages against all parties in an amount to be determined at trial in an amount equal to the difference between the fair market value of the Property as currently zoned and the fair market value of the Property if the City had

approved the 2024 Application.

(c)     As to COUNT III, a judgment for compensatory damages against all parties in an amount to be determined at trial in an amount equal to the difference between the fair market value of the Property as currently zoned and the fair market value of the Property if the City had approved the 2025 Application.

(d)     A jury trial on all appropriate issues.

(e)     An award of costs and expenses against the Defendants, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988, against all parties.

(f)     Any and all other relief this Court may deem just and proper.

RESPECTFULLY submitted, this 16th day of June, 2025.

/s/ Donald E. Dyches, Jr.
Donald E. Dyches, Jr.
Georgia State Bar No. 236601
Attorney for Plaintiffs

Dyches Law Group, P.C.
32 E. Montgomery Cross Road
Savannah, GA 31406
(912) 920-8010
don@dycheslaw.com