UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STON YATES, *et al.*,                )
                                      )
      Plaintiffs,              )
                                      )
v.                                    )    CV425-141
                                      )
CITY OF BLOOMIGNDALE, *et al.*,       )
                                      )
      Defendants.              )

## ORDER

Plaintiffs filed their Complaint on June 16, 2025. Doc. 1. Defendants responded by filing a Motion to Dismiss, doc. 6, and subsequently filed a Motion to Stay pending resolution of the Motion to Dismiss, doc. 7. Plaintiffs have responded in opposition to the Motion to Stay, doc. 11, and the Motion is now ripe for review.[1]

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal

---

[1] Plaintiffs have also filed an untimely Response to Defendants' Motion to Dismiss. Doc. 12.

sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate

unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

As Defendants point out, *see* doc. 7 at 1-3, the Motion to Dismiss, if granted, would dispose of all pending claims. Further, upon a preliminary review, Defendants' Motion to Dismiss does not appear meritless. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss was not "meritless on its face"). Plaintiffs object to the imposition of a stay because they believe that it is unlikely that Defendants' Motion to Dismiss will be granted in its entirety. Doc. 11 at 2. While the ultimate disposition of the Motion to Dismiss rests with Chief Judge Baker, in the absence of a more robust argument from Plaintiff, the Court finds that a stay is appropriate. The Court **GRANTS** Defendants' Motion to Stay. Doc. 7. All discovery and discovery-related deadlines are **STAYED** until the District Judge's disposition of Defendants' Motion to Dismiss, doc. 6. If any claims remain pending, and unless otherwise instructed by the District Judge, the

parties are **DIRECTED** to confer and submit a Rule 26(f) Report within fourteen days of the District Judge's Order on the Motion to Dismiss.

**SO ORDERED**, this 15th day of August, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA